UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Richard Iden, | Case No.: 2:23-cv-00464-APG-VCF |
| Plaintiff | **Order Dismissing Complaint with Leave to Amend** |
| v. | |
| Julie Williams, | |
| Defendant | |

Plaintiff Richard Iden, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC) at High Desert State Prison (HDSP), has submitted a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. ECF Nos. 1-1, 4.  I will temporarily defer the matter of the filing fee and screen the complaint under 28 U.S.C. § 1915A.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a prisoner's complaint may be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

Iden sues Julie Williams, HDSP associate warden, for events that occurred at HDSP. He brings one claim and seeks injunctive relief and monetary damages. Iden alleges that, since December 2022, he has submitted multiple grievances, mostly about lack of responses to his kites by medical staff and denial of medical treatment. Williams has apparently rejected all of the grievances for improper reasons. Iden has thus been prevented from using the grievance process. Based on these allegations, Iden asserts claims against Williams for lack of access to the grievance process and inadequate medical care.

### A. Fourteenth Amendment Due Process and the Grievance System

Prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process). Thus, Iden fails to state a colorable due process claim against Williams for rejecting his grievances. He does not have a constitutional right to have prison officials process or investigate an inmate grievance in any specific way. I dismiss this claim with prejudice, as amendment would be futile.

### B. Eighth Amendment: Delay or Denial of Medical Treatment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment by acting with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 176, 1082–83 (9th Cir. 2014).

To establish the objective prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

2006) (internal quotations omitted).  Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

To satisfy the subjective deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096.  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted).  A prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  When a prisoner alleges that delay of medical treatment demonstrates deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Iden mentions cruel and unusual punishment but fails to state a colorable Eighth Amendment claim.  He describes his rejected grievances as including requests for prescribed medications and for flu and Covid vaccinations[1] and complaining that he suffered severe bowel issues for three months.  To the extent Iden seeks to claim that prison personnel ignored or denied his grievances in deliberate indifference to his serious medical needs, he is granted leave to amend this claim.

---

[1] In a rejected grievance Iden attaches (asking for vaccinations), he states that he is 65 years old and suffers from congestive heart failure. *See* ECF No. 1 at 24.

### C. Leave to Amend

Although I grant Iden leave to amend, I do not grant him leave to amend in any way that he sees fit. Iden has leave to amend to allege additional true facts to show that prison personnel acted with deliberate indifference to his serious medical need. I do not give Iden leave to assert new claims.

If Iden chooses to file an amended complaint, he is advised that an amended complaint replaces the complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the amended complaint must contain all facts and claims and identify all defendants that he intends to sue. He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Iden must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. He must file the amended complaint **by November 22, 2023**. If Iden chooses not to file an amended complaint curing the stated deficiencies, I will dismiss this case without prejudice for failure to state a claim.

### III. CONCLUSION

I therefore order that plaintiff Richard Iden's application to proceed *in forma pauperis* [ECF No. 4] without having to prepay the full filing fee is deferred.

I further order the Clerk of Court to detach and file the Complaint [ECF No. 1-1].

I further order that the Complaint is dismissed with leave to amend as set forth in this order.

I further order that Iden's claim that his grievances have been rejected in violation of his Fourteenth Amendment due process rights is dismissed with prejudice as amendment would be futile.

I further order that, if Iden chooses to file an amended complaint curing the deficiencies of his Eighth Amendment claim related to medical care as outlined in this order, he must file the amended complaint **by November 22, 2023**.

I further order the Clerk of Court to send to Iden the approved form for filing a § 1983 complaint, with instructions. If Iden chooses to file an amended complaint, he should use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I further order that, if Iden fails to file an amended complaint curing the deficiencies of his claims, I will dismiss this action for failure to state a claim.

I further order that Iden's motion for case status **[ECF No. 5] is denied as moot**.

DATED this 20th day of October, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

7